IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**MARCIE BYLER, Individually and as
Parent of Brittany Byler, minor,**

      Plaintiff,

v.                                       Case No. 3:05cv96/RV/MD

**CATAMARAN CRUISERS**

      Defendant.
_____/

## ORDER

Pending is the defendant's motion to dismiss. (Doc. 3).

Plaintiff Marcy Byler, in her individual capacity and as representative for her minor child Brittney Byler, brings this products liability claim against Defendant Catamaran Cruisers ("Catamaran"). Catamaran now moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that the complaint fails to state a claim upon which relief may be granted. For the purposes of this motion, the factual allegations in the complaint will be taken as true.

I.      **BACKGROUND**

Plaintiff alleges that on or about May 29, 2004, she and her minor child Brittney Byler were guests on a boat owned by George Tymowczak, and manufactured by Defendant Catamaran Cruisers. On that day, plaintiff alleges that her minor child was sliding down a slide on the boat when her fingers were severed from a metal brace

used to support the slide. In Count I of the complaint, plaintiff alleges that Catamaran is strictly liable for damages sustained by herself and her daughter because Catamaran placed a boat on the market without inspection for defects and without notice of the presence of any defects. Further, plaintiff alleges that the boat contained a dangerous condition, specifically the metal brace supporting the slide. In Count II of the complaint, plaintiff alleges that Catamaran was negligent in failing to inspect the boat for defects, as well as failing to design the braces in such a way so as not to cause injury.

Plaintiff's damages are based on her capacity as a representative of her minor daughter, and for damages she individually suffered as a result of the injuries to her minor daughter. Catamaran removed the case to federal court based upon diversity jurisdiction. Catamaran now moves to dismiss the complaint for failure to state a claim upon which relief may be granted.[1]

## II. DISCUSSION

### A. Motion to Dismiss Standard

A motion to dismiss for failure to state a claim cannot be granted unless the complaint alleges no set of facts, which, if proved, would entitle the plaintiff to relief. See, e.g., Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir. 1994). On a motion to dismiss, the court must accept all of the alleged facts as true and find all inferences from those facts in the light most favorable to the plaintiff. See, e.g., Cruz v. Beto, 405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972); Hunnings v. Texaco, Inc.,

---

[1] The plaintiff has not filed a memorandum in response to this motion. Pursuant to Local Rule 7.1, "[f]ailure to file a memorandum may be sufficient cause to grant the motion." N.D. Fla. Loc. R. 7.1(c)(1). Nonetheless, I will address the motion on its merits.

Case No.: 3:05-cv-96/RV/MD

29 F.3d 1480, 1483 (11th Cir. 1994).[2]

B.    Separate Counts Based on Different Damages

In both the strict liability and the negligence count, plaintiff includes damages for the injuries suffered by her minor daughter, Brittney Byler, and also for damages she individually sustained as a result of the injuries incurred by her daughter. Catamaran contends that Rule 10(b) of the Federal Rules of Civil Procedure requires plaintiff to allege these two types of damages, i.e. individual and representative, in separate counts of the complaint.[3]

Rule 10 of the Federal Rules of Civil Procedure directs, in relevant part,  "Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth."  Fed. R. Civ. P. 10(b).  Rule 10(b) does not require multiple plaintiffs whose claims arise from the same transaction or occurrence to state allegations and counts separately.  Instead, the language of Rule 10(b) plainly applies to only those claims "founded upon a separate transaction or occurrence."  Fed. R. Civ. P. 10(b).  See e.g., Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 980 F. Supp. 1455 (M.D. Fla. 1997)(recognizing that Rule 10(b) is inapplicable to multiple claims arising out of a single transaction).

---

[2] In the motion to dismiss, the defendant correctly notes that Florida substantive law applies to a tort action where the court's jurisdiction is based solely on the diversity of the parties. However, defendant proceeds to cite Florida procedural law regarding the proper standard for a motion to dismiss.  While the law of Florida should govern the substantive aspects of this diversity case, federal law controls the procedural aspects, such as pleading requirements. Brown v. Nichols, 8 F.3d 770, 773 (11th Cir. 1993).

[3] Catamaran cites Rule 1.110 of the Florida Rules of Civil Procedure.  As noted above, however, federal law governs the pleading requirements in this case. Nevertheless, the Florida rule cited by defendant parallels Rule 10 of the Federal Rules of Civil Procedure.

In this case, Count I and Count II allege only one transaction and occurrence that gave rise to a claim for relief. For instance, Count I is based upon Catamaran's alleged strict liability for manufacturing a slide in which plaintiff's minor child slid down on one occasion which allegedly resulted in the child severing several fingers. Thus, the damages claimed by plaintiff in both her representative and her individual capacity derive from that single and common transaction or occurrence. The fact that separate damages arose out of the same transaction or occurrence does not require pleading separate counts.

Further, Rule 10(b) only requires the plaintiff to plead separate counts if doing so would facilitate a clear presentation of the matters set forth. As evidenced by Catamaran's motion to dismiss, in which Catamaran succinctly states an alternative way for plaintiff to plead her claim for damages, Count I and Count II sufficiently put Catamaran on notice that plaintiff is requesting relief in her individual and representative capacity based on a strict liability claim, as well as a negligence claim. Further, plaintiff has alleged damages based on her individual and representative capacity in separate enumerated paragraphs, so Catamaran can frame an appropriate response to each allegation of damages. Therefore, the separation of Count I and Count II for this reason would not facilitate a clearer presentation of the matters set forth.

C. Strict Liability Claim

Next, Catamaran argues that plaintiff has failed to allege the required elements of a strict liability cause of action. In Florida, in order to establish a manufacturer's strict liability, a plaintiff must show: (1) the manufacturer's relationship to the product in question; (2) the unreasonably dangerous condition of the product; and (3) the existence of a proximate causal relationship between the condition of the product and the plaintiff's injury. Siemens Energy & Automation, Inc. v. Medina, 719 So.2d 312 (Fla 3d DCA 1998)(citing West v. Caterpillar Tractor Co., Inc., 336 So.2d 80, 87 (Fla.

1976)).

Catamaran contends that plaintiff has failed to allege a specific defect in its product which represents an "unreasonably dangerous condition." Rule 8 of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the pleading requirements of Rule 8, a claimant generally is only required to allege facts sufficient to put the opposing party on notice of the claim. Swierkiewicz v. Sorema, N.A. 534 U.S. 506, 511, 122 S. Ct. 992, 998-999, 152 L. Ed. 2d 1, 9 (2002). Further, the Eleventh Circuit has held that a plaintiff is not required to plead a "specific fact" to cover every element of a cause of action or to allege with precision each element of a claim. Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)(citing St. Joseph's Hops., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 954 (11th Cir. 1986)). Instead, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (quoting In re Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. Unit A. Sept. 8, 1981)). In other words, the pleading need not contain direct allegations on every material point, but it must at least "contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Quality Foods v. Latin Am. Agribusiness Dev. Corp., 711 F.2d 989, 995 (11th Cir. 1983).

In this case, Count I alleges that the boat manufactured by Catamaran "was defective because it created a dangerous condition in that on or about May 29, 2004, plaintiff Brittney Byler, a minor child, was sliding down the slide when her fingers were severed from the metal brace supporting the slide." Catamaran argues that plaintiff must allege a "specific defect in the metal bracing, other than its simple presence near the catamaran's slide." However, in a strict liability case, "unreasonably dangerous" means the "the article sold must be dangerous to an extent beyond that which would

be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." Savage v. Jacobsen Mfg. Co., 396 So.2d 731, 732 (Fla. 2d DCA 1981)(citing Restatement (Second) of Torts, s 402A, Comment "I"))  Here, plaintiff alleges that the metal brace severed her fingers when she slid down the slide.  Thus, it can be inferred from the complaint that plaintiff used Catamaran's product consistent with its intended use, or "as contemplated by the ordinary consumer" as a slide is generally used to slide down, and the ordinary consumer would not expect that a metal brace near the slide could potentially sever her fingers.  Therefore, plaintiff has sufficiently alleged the second element of a strict liability claim - - - the unreasonably dangerous condition of the product.[4]

    D.    Negligence Claim

Catamaran also alleges that Count II, based on a negligence cause of action, fails to state a claim upon which relief may be granted.  Catamaran contends that plaintiff has failed to allege all of the required elements of a negligence claim.  There are four elements to a negligence claim: (1) A legal duty on the part of the defendant to the plaintiff; (2) negligent failure by the defendant to comply with the duty; (3) the defendant's negligence proximately caused injury to the plaintiff; and (4) the plaintiff suffered damages.  Cintron v. Osmose Wood Preserving, Inc., 681 So.2d 859, 861 (Fla. 5th DCA 1996).

First, Catamaran contends that plaintiff has failed to allege that Catamaran had

---

[4] It should be noted that I am not addressing the merits of plaintiff's claim. However, under the notice pleading requirements of the Federal Rules of Civil Procedure, "(t)he threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983)). Further, a court must accept all allegations in the complaint as true and find all inferences from those facts in the light most favorable to the plaintiff.

a duty to the plaintiff. It is true that the complaint does not specifically allege that Catamaran has a duty to plaintiff, but it does state that Catamaran is a manufacturer of a boat which it placed on the market. The law imposes upon manufacturers a duty to exercise reasonable care so that their products in the marketplace will not harm persons or property. Id. at 861-62 (citing Monsanto Agricultural Products Co. v. Edenfield, 426 So. 2d 574 (Fla. 1st DCA 1982)). Notably, a motion to dismiss a complaint may only be granted if the plaintiff "alleges no set of facts which, if proved, would entitle the plaintiff to relief." Blackston v. Alabama, supra, 30 F.3d at 120 (11th Cir. 1994). Here, plaintiff did not specifically allege the legal conclusion that Catamaran had a duty to plaintiff, but the complaint contains sufficient factual allegations to establish a duty. See e.g., Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 604 (5th Cir. 1981)(the form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize the legal theory giving rise to the claim).

With respect to a breach of duty element, the complaint alleges in two separate paragraphs that Catamaran "negligently placed a boat on the market without inspection for defects", "negligently designed the braces in such a way that it would cause injury to occur," and "negligently constructed the slide . . ." Catamaran concedes that plaintiff has sufficiently alleged a breach of duty, but contends that each legal theory, i.e. negligent design, negligent manufacturing, and negligent marketing,[5] should be pled as separate counts. Catamaran argues that it impossible to frame an appropriate response to the co-mingled causes of action. Rule 10(b) does not require a plaintiff to state each legal theory underlying her claim in a separate

---

[5] With respect to the Catamaran's contention that plaintiff is stating a claim for "negligent marketing," I am unable to ascertain from the complaint any such theory. As noted, Count II alleges that Catamaran "negligently placed a boat that it manufactured on the market without inspection for defects." Clearly, plaintiff is using the term "market" as a noun rather than a verb, and it not alleged that Catamaran negligently "marketed" the product, as that term is commonly construed.

Case No.: 3:05-cv-96/RV/MD

count.  Perkins v. School Board of Pinellas County, 152 F.R.D. 227 (M.D. Fla. 1993). Instead, the rule requires separation if the counts are based on a separate transaction or occurrence.  Fed. R. Civ. P 10(b); see also Perkins, supra, 152 F.R.D. at 229. Additionally, although it is not the preferred practice, Rule 8(e)(2) of the Federal Rules of Civil Procedure allows a plaintiff to include two or more statements of a claim in a single count.  Fed. R. Civ. P. 8(e)(2).

However, where the legal theories are not based on identical facts, separate counts may be appropriate in order to facilitate a clearer presentation of the issues and allow the defendant to frame a proper response.  Here, plaintiff bases the negligence claim on Catamaran's allegedly negligent manufacture of the product, as well as its allegedly negligent design of the product.  Both of these legal theories are based on a different factual transaction, i.e. the design of the product and the construction or manufacture of the product.  Thus, separate counts would be more appropriate to facilitate the clear presentation of the matters set forth, but they are not required. Therefore, dismissal is not mandated.

### III.    CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss (doc. 3) is DENIED.    DONE and ORDERED this 13th day of June, 2005.

/s/ Roger Vinson
**ROGER VINSON**
**Senior United States District Judge**

Case No.: 3:05-cv-96/RV/MD